UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

~~ABINGDON~~ DIVISION
**LYNCHBURG**

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/5/2022
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

JEROME L. GRIMES,

     Plaintiff,

v.

1. (LU) LIBERTY UNIVERSITY,

        (official capacity),

2. BOARD OF TRUSTEES OF (LU) LIBERTY UNIVERSITY,

        (official capacity),

3. (LU) LIBERTY UNIVERSITY IT DEPARTMENT,

        (official capacity),

4. ARRON SPARKMAN (individual and official capacity),

   (LU's Office of Community Life),

5. MELISSA (<u>DOE</u>) (individual and official capacity),

   (LU's Graduate Admissions & Records' Supervisor/Enrollment Management of Online-

     Programs)

6. J. S. AUSTIN #: _____ (individual and official capacity),

   (LU's Campus Police Department)

       Defendants.

Civil Complaint No.:

**6:22CV00074**

Jury Demand

---

*In Pro Se for Plaintiff*                   Jerome L. Grimes, B.A., & MBA,

PhD Doctoral Graduate Student

(*On Temporary Leave*)

1467 Siskiyou Blvd., PMB#: **5060**,

Ashland, OR 97520,

(219) 808-0306,

jgrofsf@protonmail.com

---

## CIVIL COMPLAINT AND JURY DEMAND

---

### COMPLAINT AND JURY DEMAND

Comes now Plaintiff JEROME L. GRIMES, B.A., & MBA, In Pro Se, and states and alleges as follows:

### INTRODUCTION

The reprehensible actions of Arron Sparkman and the utter indifference of (LU) Liberty University and its Board of Trustees, have been making unjustifiable and horrifying actions against the LU Campus Online Program Ph.D. Doctoral Graduate School Student (the "PLAINTIFF") (i.e., public interest) for two years, and they have been tormenting the spirit and soul of the Native-American Indian/African-American/Caucasian Mixed Graduate Student (the "PLAINTIFF") for DEFENDANT'S blatant disregard of the Federal Laws and Title IV & Title IX School Code forbidding racial discrimination. This Ph.D. Doctoral Graduate Student (the

"PLAINTIFF"), is now out of the LU online Ph.D. program systems and safe from the racial

discrimination of Arron Sparkman and his NCU enablers/**_"Co-shills"_**, and is finding the strength

to push back against him and his enablers at Liberty University (e.g., LU Campus Police Officer,

J.S. Austin #: ____) through the only means available to him – Courts of law. Jerome L. Grimes

is that Ph.D. Doctoral Graduate School Student in (I/O) Industrial Organization Psychology. This

is his Complaint. And professors such as (the "UNABOMBER") known at UC Berkeley

demonstrates the public interest of this HEREIN tort.

## PARTIES

1. Plaintiff JEROME L. GRIMES, B.A., & MBA, is a natural person and American citizen

residing in the State of Louisiana. He may be served through his Multi-jurisdiction Online

Graduate Student Mailing Address, listed above.

2. Plaintiff was a Ph.D. Doctoral Graduate Student that received services of LU's safety

on-campus from Arron Sparkman even though PLAINTIFF is an **_"ONLINE PhD Graduate_**

**_Student"_** on the ONLINE INTERNET CAMPUS of LU (Liberty University).

3. Liberty University ("LU") was and continues to be a public university organized and existing

under the laws of the State of Virginia.

4. LU received federal financial assistance and is therefore subject to Title IX of the Educational

Amendments of 1972, 20 U.S.C. § 1681(a).

5. The Board of Trustees of Liberty University ("LU Trustees") is the governing body for Liberty University, at (LU) Liberty University, Green Hall, Room #: **2656**, 1971 University Blvd., Lynchburg, Virginia 24515, (800) 424-9595, provost@liberty.edu.

6. LU and LU Trustees are hereinafter collectively referred to as the LU Defendants, (LU) Liberty University, Green Hall, Room #: **2656**, 1971 University Blvd., Lynchburg, Virginia 24515, (800) 424-9595, provost@liberty.edu.

7. Liberty University IT Department ("LU's IT Depart.,") is the governing ONLINE internet portal informational technical body for Liberty University, at (LU) Liberty University, Green Hall, Room #: **1539**; & DeMoss Hall, Room #: **2114**, 1971 University Blvd., Lynchburg, Virginia 24515,   (434) 592-7800, (866) 447-2869, luoverify@liberty.edu.

8. Defendant Arron Sparkman ("Sparkman") is a natural person and is LU Community Life staff member at through the Liberty University, and may be served using the following address: Arron Sparkman, (LU) Liberty University, (LU) Liberty University, Green Hall, Room #: **1880**, 1971 University Blvd., Lynchburg, Virginia 24515, (434) 582-2320, communitylife@liberty.edu.

8.(A.) At all relevant times, Arron Sparkman was a Team Lead off the LU Office of Community Life, represented by and in the State of Virginia. From Approximately **2021 to 2022**, Arron Sparkman worked for LU in various positions and capacities.

8.(B.) Defendant Melissa (DOE) ("Last Name Unknown")(F.R.C.P. **34**) is a natural person and is LU Graduate Admissions & Records Department staff member/SUPERVISOR of the LU's Graduate Admissions Team at through the Liberty University, and may be served using the following address: (LU) Liberty University Graduate Admissions' SUPERVISOR, Melissa

(DOE), (LU) Liberty University, Graduate Admissions Office, Green Hall, Room #: **2656**, 1971

University Blvd., Lynchburg, Virginia 24515, (800) 424-9596; (877) 298-9617;

LUOgrad@liberty.edu; and residentgraduate@liberty.edu.

8.(C.) Defendant J. S. Austin, badge #: _____ was a LU Campus Police Officer, represented by

and in the State of Virginia. From Approximately **2021-to-2022**, J. S. Austin worked for (LU)

Liberty University in various positions and capacities safety and welfare/(security) position of

trust and community life capacities, a natural person and is LU sworn campus community police

officer/staff member at through the Liberty University, and may be served using the following

address: J. S. Austin (LUPD) Liberty University Police Department, (LU) Liberty University,

Green Hall, Room #: **T725**, 1971 University Blvd., Lynchburg, Virginia 24515, (434) 592-7641,

(434) 592-3637 (Front Desk), (434) 455-0375 (Fax), lupd@liberty.edu; and

jsaustin@liberty.edu. (**_SEE_:** Covert International Terrorist, (USF-University of San Francisco-

Campus Police Officer, *Nathaniel "NATHAN" Johnson, et., al.(*DEF.'s*)*, CASE No.: **4:86-cv-**

**5203** (i.e., **C86-5203**) NoCA., USDC.

## JURISDICTION AND VENUE

9. This action is brought pursuant to Title IX of the Educational Amendments of **1972**, 20 U.S.C.

§ 1681, et seq., 42 U.S.C. § 1983, and Virginia law.

10. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §

1367(a) to hear and decide all claims arising under Virginia law that are so related to the claims

within the original jurisdiction of this Court that they form part of the same case or controversy.

11 The events giving rise to Plaintiff's Complaint occurred in Campbell County, Lynchburg, TELEPHONICALLY which sits in the Abingdon Division of the Western District of Virginia, thus venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully reproduced herein.

13. At all relevant times, Arron Sparkman maintained an on-campus office at LU in Multi-jurisdictions ONLINE INTERNET, Virginia (World Wide Web/Cyber-space).

14. At all relevant times, LU, LU Trustees, LU's IT Depart., and Arron Sparkman were acting under color of law, specifically under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Virginia or LU.

15. At all relevant times, Arron Sparkman was acting in the scope of his employment or agency with LU.

16. From approximately **2021 to 2022**, Arron Sparkman was employed by LU in various positions, including, but not limited to: (a) LU Office of Community Life Team Lead, LU's Division of Campus Safety alleged.

17. Arron Sparkman is a staff member of the Office of Community Life at (LU) Liberty University and has never been a medical doctor or lawyer.

18. While employed by LU, Arron Sparkman telephonic called PhD psychology graduate student PLAINTIFF based on hearsay of LU Graduate Admissions enablers at LU's Admissions & Records Department (i.e., online programs & non-online programs admissions), which is located on LU's Multi-jurisdiction online school of psychology (i.e., School of Psychology Department), Virginia campus.

19. During Arron Sparkman's employment, agency, and representation with the LU Defendants, and under the false pretense that what he was doing was a proper screen of telephonic conversation between NEWLY Admitted PhD Doctoral Graduate ONLINE Student (the "PLAINTIFF"), in which Arron Sparkman conspired racial discrimination assaulted, abused authority, and psychologically molested Plaintiff by illegally RETALIATING for (NCU) Northcentral University enablers (i.e., Defendants of a Tort in Southern California Jurisdiction, Title IV & Title IX of the Federal School Code Grounds, Case Number: **3:22-cv-1321**) as a form of INTIMIDATION and Racial Discrimination Extension of **3:22-cv-1321**, with pre-textual sabotage of the **October 24, 2022-START** of PLAINTIFF'S, 8-weeks Course in PSYCH 515 for the Plaintiff's substantial fundamental constitutional right to further his education without racial discrimination, discrimination, or intimidation.

20. Beginning in approximately **June**, **2022 –to- October 24, 2022**, Plaintiff was psychologically abused, belittled, and intimidated without force and fear with covert terror intent by Arron Sparkman of the LU on-campus Office of Community Life in abuse of authority against Ph.D. Doctoral Graduate School Online Psychology Student (the "PLAINTIFF").

21. In **2021**, Jerome L. Grimes, B.A., & MBA, suffered an Unconstitutional **$16,000.00** GradPlus Financial Aid Disbursement Trespass to Chattel by the DEFENDANT, Jimmy

Brown's CO-DEFENDANTS (i.e., enablers) within the NCU's Academic Advising/Financial

Aid Department a result of participating in a NCU's online Ph.D. Doctoral Graduate School's

Psychology Program and academically instructed by Jimmy Brown at the NCU's PSY 8104

online graduate course.

22. *After* "ADMISSIONS" into (LU) Liberty University as a "NEW" Continuing Student

"ENROLLED" in an 8-weeks PSY **515** graduate LU course, Arron Sparkman racially

discriminated against Plaintiff's constitutionally protected civil rights to a fair opportunity to

further his education by RETALIATING for the above-mentioned enablers at (NCU)

Northcentral University who STOLE (3) Three TERMS-worth of GradPlus Financial Aid awards

amounting to: **$16,000.00** Federal Financial Aid GradPlus PhD Student LOAN

Awards/(Money), belonging to the In Pro Se, PLAINTIFF.

23. On **October 21, 2022**, Jerome L. Grimes, B.A., & MBA, sought Ph.D. academic online

courses of instructions from LU which was scheduled to begin on **October 24, 2022**, online PSY

515 graduate course. DEFENDANTS (LU) Liberty University and their employee Arron

Sparkman "knew" that the PLAINTIFF was a "NEWLY" admitted LU Graduate PhD Student

using GradPlus Financial Aid LOAN Awards for Tuition and OFF-CAMPUS HOUSING, and

DEFENDANT Arron Sparkman "knew" classes "START" in (2) Two-days (i.e., STARTS on

**October 24, 2022**).

24. Unbeknownst to Plaintiff, DEFENDANT Arron Sparkman was doing this for his own

racially motivated agenda.

25. Arron Sparkman misrepresented to Plaintiff that this was the appropriate way to keep the "ONLINE" LU Campus Community safe.

26. Because of Arron Sparkman's reputation, Plaintiff had no reason to doubt Arron Sparkman as LU represented him to be a reputable, ethical, and trustworthy LOU staffer (i.e., employee).

27 Arron Sparkman did not give prior notice to the Liberty University's Provost or obtain consent for Plaintiff to be "KICKED-OUT" of the Liberty University's ONLINE PhD Doctoral Graduate School Program's "8-weeks curriculum START" in an 8-weeks PSYCH 515 graduate course.

28. Plaintiff did not consent to any 8-weeks academic course withdrawal from the "ENTIRE" Liberty University's ONLINE Campus Community in School Psychology PhD Doctoral Graduate School "ONLINE" Program.

29. Arron Sparkman's conduct and actions taken against Plaintiff constituted racial discrimination, psychological abuse, and psychological molestation, and was undertaken for Arron Sparkman's conspired racial discrimination agenda.

30. Arron Sparkman used his position of trust and confidence in an abusive manner, causing Plaintiff to suffer a variety of injuries, including shock, humiliation, emotional distress, embarrassment, loss of self-esteem, disgrace, loss of trust, and loss of enjoyment of life.

31. Plaintiff had no reason to suspect Arron Sparkman was anything other than a competent and ethical LU Community Life staff member based on his affiliations with LU and its representations of Arron Sparkman therein.

32. LU learned that Arron Sparkman was being unreasonable with a racially motivated intimidation without force and fear on **October 21, 2022**; however, LU Campus Police Officer, J. S. Austin, LU's Academic Advising Department Supervisor, Melissa (DOE), LU's Advising Department Counselor, Dawn (DOE), the LU's IT Department (e.g, LU's IT Employees; Trespass to Chattelers; *"Co-shills"*), and Arron Sparkman failed or refused to notify the LU's Provost, LU School of Psychology Dean, or Dean of LU or anyone similarly situated to of the same, even though it was reasonably foreseeable that the allegations against Arron Sparkman and enablers mentioned-above would become public interest tort between DEFENDANTS and PLAINTIFF, and others like him would learn that the academic and campus safety & welfare they received was not academic and campus safety & welfare services, but, instead, a racially motivated assault and possibly a hate crime by DEFENDANT and *"Co-shills"*, and such information could cause, and did cause, emotional harm and damage.

33. PLAINTIFF first realized that these unrealistic and unreasonable ONLINE Campus Safety & Welfare Services boycott against the PLAINTIFF "BEFORE" the START of the PLAINTIFF'S 8-weeks PSYCH 515 graduate PhD course was racial discrimination abuse of authority, and brought forward HEREIN Tort by PLAINTIFF for the Safety & Welfare/(Security) of the public, brought against the DEFENDANT, Arron Sparkman & LU's Office of Community Life after he was exposed to the DEFENDANTS after the PLAINTIFF viewed media release about MSU's **2016**-sexual assault convictions of faculty such as Lawrence Gerard Nassar. However, Jerome L. Grimes, B.A., & MBA, (**October 21, 2022**) did not realize that his treatment of him was racial discrimination until **October 24, 2022**, when he was INTIMIDATED by the DEFENDANTS from attending (LU) Liberty University's "ONLINE" PhD Doctoral Graduate

School Program in the discipline of School Psychology, under the LU PhD Doctoral Graduate Student Identification Number: **L33413854**.

34. On this fateful day, while in the greyhound bus traveling to a self-employment work meeting, PLAINTIFF casually reviewed his case precedence "Complaint Number: **1:19-cv-629**, against Larry Nassar/Lawrence Gerard Nassar, MSU, et., al."

35. At that moment, PLAINTIFF, Jerome L. Grimes, B.A., & MBA, realized the full extent of happened to him; he understood that his "academic instructions" were not normal procedure, but rather a racially motivated assault and violations of his rights, privacy, and trust at LU.

36. He became vigilant and exercised his civic duty through Court for the public interest.

37. For at least 2-days -of- 4-weeks, Arron Sparkman and his enablers had unrestricted and unmonitored access to freshman and transfer students, graduate and undergraduate students through the Office of Community Life at LU, whose staff all regularly and routinely referred new LU registrants and LU applicants/students to their care.

38. Arron Sparkman's Office of Community Life visitees/students (the "PLAINTIFF") was seeking professional and safety & welfare/(security) ombudsman type student assistance for various graduate and undergraduate students in the field of Psychology, such as Industrial/Organizational Psychology, Industrial Psychology, and Organizational Psychology, and other similar academic disciplines "ONLINE" (i.e., ***Off-campus*** Community Life Status).

39. On multiple occasions, LU Defendants, through their agents, employees, or representatives, actively discouraged or ignored reports/complaints from the PLAINTIFF concerned about Arron Sparkman's conduct and "racial discrimination."

40. In **2022**, LU student in Industrial Organizational Psychology Ph.D. Program (the "PLAINTIFF") reported to the LU Academic Advising Department's Supervisor, Melissa (DOE), and her subordinate Dawn (DOE), and to the PLAINTIFF'S LU Campus Police Department who were all employees of LU, concerns about Arron Sparkman's conduct and "unreasonable Boycott of PLAINTIFF just 2-days from the start of an 8-weeks PhD Doctoral Graduate School Course (i.e., PSYCH 515), AFTER a 4-weeks of enrollment and NEW PhD Doctoral Graduate Student "Transition" time period into the LU "ONLINE" program and Email Verification process period, just 3-Weeks "BEFORE" Off-campus **Housing** GradPlus Financial Aid LOANS DISBURSEMENT (i.e., PLAINTIFF'S RENT MONEY via Grad Plus LOAN VENUE protected by the federal constitutional school codes and laws of Title IV & Title IX forbidding Racial Discrimination & Discrimination against Financial Aid Paying LU Students).

41. On or about **October 14, 2022**, on another occasion LU Ph.D. Graduate Student (the "PLAINTIFF") reported to these enablers identified as CO-DEFENDANTS Melissa (DOE) supervisor of LU's Academic Advising Department his concerns about the (LU's) Liberty University's **IT Department**'s conduct and "unreasonable intimidation and trespass to chattels in the PLAINTIFF'S "Transcript Request" from NCU for Transfer Credit of numerous LU's prerequisite courses for the PLAINTIFF'S substantial fundamental federal right to transfer credits without intimidation and/or discrimination, pursuant to Federal School Code, Title IV and Title IX, yet again, LU failed to take any action in response to his complaints.

42. Contrary to law, LU failed to take appropriate action in response to the reports/complaints, thus enabling Arron Sparkman to continue "racially discriminating" against the LU Industrial/Organizational Psychology Ph.D. Student (the "PLAINTIFF") for ever by his illegal racially motivated covert terrorism in commission of economic espionage act violation conspired, including pre-textual racial discrimination by Arron Sparkman's enablers (the "CO-DEFENDANTS").

43. LU had an obligation under federal and state law to investigate the complaints/reports.

44. LU also had the following obligations, among others, pursuant to its Office of Institutional Equity ("OIE") policy: a. "to promptly take steps to investigate or otherwise determine what occurred and then to address instances of hate crime violence and racial discrimination misconduct when it knows or should have known about such instances"; b. to inform "the LU Police of all reports it receives regarding discrimination and deliberate indifference assaults or telephonic threats or unethical statements alleged by DEFENDANTS and/or PLAINTIFF"; c. to "take immediate steps to initiate the investigatory process to determine what happened and to resolve the matter promptly and equitably"; d. to "take prompt, responsive action to support a claimant and . . . take steps to eliminate, prevent, or address a hostile environment if it determines that one exists"; e. "to conduct a prompt, adequate, reliable, and impartial investigation to determine what occurred and then to take appropriate steps to resolve the situation when it learns of an incident of LU staffers' abuse of authority, deliberate indifference, or misconduct"; f. independently investigate complaints of unethical telephonic statements or emails with malice or without malice misconduct made by DEFENDANTS or by PLAINTIFF"; g. to conduct an investigation "by the Office of Institutional Equity under the direction of the

Deputy Title IX Coordinator for Investigations"; h. to promptly report allegations of LU staffers' & faculty's deliberate indifference and/or abuse of authority "to the Office of Institutional Equity."

45. Upon information and belief, and in violation of federal law, state law, and the Virginia State University OIE policy (*Stare Decisis*), LU failed to take any action in response to the **2022** complaint and the DEFENDANTS, Arron Sparkman extended his individual capacity and official capacity into aiding and abetting the NCU *"Co-shills"* Ashley Forrest and Brandon Romero who too have STOLEN **$16,000.00** of NCU & LU graduate students' and undergraduate students' (the "PLAINTIFF'S") GradPlus Federally Backed Graduate Student Financial Aid LOANS (e.g., Stafford Subsidized & Unsubsidized LOANS, FASFA Grants, et., al., *similar to* taking/stealing the Luggage Off Of Flight 93 *"BEFORE"* Flight 93 take-off from Multi-jurisdiction International Airports and simultaneously Lying on the Middle-Eastern Community Victims and International World Trade Market (WTC) Victims (**09/11/2001**)(i.e., **Post-02/26/1993 Covert TRANSPORTATION Vehicle Terrorisms**).

46. Upon information and belief, and in violation of federal law, state law, and the Virginia State University OIE policy, LU failed to take any action in response to the **2022** complaint.

47. And in **2022**, in illegal conspired retaliation the CO-DEFENDANTS on **Oc**

**tober 21, 2022**, induced by their *"Co-shills"* at (NCU) Northcentral University to racially discriminate against the PLAINTIFF'S state and federally protected constitutional civil rights to

further his education without racial discrimination (*Federal Law School Code, Title IV & Title IX*).

48. Had LU taken the appropriate action, including, but not limited to, conducting an appropriate investigation, its conclusions would have been different and PLAINTIFF would never have been racially discriminated against & boycotted from the LU's PhD "ONLINE" **Off-campus** (I/O) Industrial/Organizational Psychology Program by Arron Sparkman on October **21**, 2022, it has been discovered through In Pro Se, Independent Investigation that Arron Sparkman chose that **21st** DAY of October, 2022, to *"taunt"* the PLAINTIFF (i.e., In Pro Se, Independent Investigator) of the Illegal Medical Upcoding Unjustifiable Medical Malpractice Elderly Abuse Homicide against the PLAINTIFF'S Biological MOTHER, Lucy M. Grimes on "July **21st**, 2012" (e.g., *"taunt"* the Law Enforcement Investigators like the Repeat Offenders of UNSOLVED MYSTERIES **Burgundy Car Rapes Cases PERPETRATORS' Modus Operandi** Signature Crime of Covert Terrors).

49. Additional complaints regarding Arron Sparkman's and his enablers' conduct were filed as SEE SOMETHING SAY SOMETHING Pleading in **2022** by the PLAINTIFF. PLAINTIFF reported he had been cheated or discriminated out of his HOUSING/(Rent Money) & Tuition GradPlus Financial Aid Award FUNDING **$6,000.00-STOLEN Funds**, but to recently discover through In Pro Se, Independent Investigation that a total of **$16,00.00** GradPlus Rent Money PhD Doctoral Graduate Student LOANS has been illegally taken/STOLEN through racial discrimination by the DEFENDANT'S inter-state **enablers** at NCU in **June, 2021 -through December, 2021** (F.R.C.P., Rule: **33**), extension of HEREIN Tort LU's **October 21, 2022**-RETALIATION for complaint number: **3:22-cv-1321**, *Grimes -v.- NCU, Forrest, et., al.,*

against *NCU* (i.e., HEREIN Defendant's inter-state **enablers**) in violation of Federal School

Code, Title IV & Title IX, **October 21, 2022** (F.R.C.P., Rule: **34**).

50. LU dismissed the victim's complaint, stating that the complainant (the "PLAINTIFF") did

not understand the "ethical code of conduct telephonically" which was fraud and hearsay by the

CO-DEFENDANT(S) Melissa (DOE), and discovered through In Pro Se, Independent

Investigation (F.R.C.P., Rule: **34**). LU further deemed its Office of Community Life's

**October 21, 2022**-conduct "Federal School Code, Title IV and Title IX appropriate" and "[n]ot

of an abuse of authority nature."

51. Upon information and belief, LU's Office of Community Life began to cite fraudulent

institutional telephonic ethical code of conduct guidelines at LU, one of which was that there is

an alleged Audio Recording of the Unethical Telephonic Conversation that DEFENDANT'S

"REFUSED" Duty of Care to the LU Campus as a whole and TURN THE AUDIO RECORDED

TELEPHONIC CONVERSATION OF PLAINTIFF'S UNETHICAL TELEPHONIC

CONDUCT to the LU's Campus Police Department and "refused" the PLAINTIFF'S repeated

pleas to DEFENDANT Arron Sparkman to REPORT the "ALLEGED" Plaintiff's unethical

**October, 2022**-telephonic conversation to the LU Campus POLICE, which too was failed in the

DEFENDANTS' Duty of Care to the LU "Newly" Admitted PhD Doctoral Graduate School

Student (the "PLAINTIFF"), discovered through In Pro Se, Independent Investigation to be

**Fraud** by the DEFENDANT Arron Sparkman against the PLAINTIFF.

52. Upon information and belief, LU's Office of Community Life ignored or otherwise refused

to comply with the Federal School Code, Title IV & Title IX and/or the Virginia State University

OIE policy and continued to treat PLAINTIFF deliberate indifferently, and LU did not take

appropriate measures to ensure that these institutional, state, and federal guidelines were enforced and adhered to.

53. Upon information and belief, and in violation of federal law, state law, and the Virginia State University OIE policy, LU failed to take appropriate action in response to the PLAINTIFF'S **2022**-complaint (i.e., telephonic grievances).

54. As early as **September 11, 2022**, representatives of LU were made aware of DEFENDANT Arron Sparkman's enablers' (e.g., LU's IT Department's; LU's Academic Advising Department's Supervisor, Melissa **DOE's**) conduct, yet failed to appropriately respond to allegations, resulting in the racial discrimination assault, abuse of authority, and psychological molestation of Native-American Indian/African-American Mixed Decent Ph.D. Doctoral Graduate School Student at LU (i.e., the PLAINTIFF), through approximately **September 11, 2022- to- October 21, 2022**.

55. LU's deliberate indifference before, during, and after the racially motivated assault, abuse of authority, and psychological molestation of PLAINTIFF was in violation of Title IX of the Education Amendments of **1972**, 20 U.S.C. § 1681, et seq., 42 U.S.C. § 1983, as well as other Federal and State laws.

56. LU's failure to properly supervise Arron Sparkman and his enablers (e.g., LU's IT Department; & LU's Academic Advising Department staff) and their negligence in retaining Arron Sparkman and his enablers was in violation of Virginia common law (*Stare Decisis*).

57. The number of complaints by the PLAINTIFF against LU's IT Department's TRANSCRIPT REQUEST FORM *"TAMPERING"* (i.e., Trespass to Chattel) and their enablers in the LU's

Admissions/Academic Advising Department placed LU on notice; thus, LU & LUPD

Supervisor, Corporal, H., badge #: **303**, and subordinate *deliberate indifferent enabler*/LU Police

Officer, B. Russell, badge #: **417** (Male), had sufficient knowledge that DEFENDANT

Arron Sparkman and his enablers/CO-DEFENDANTS committed racially motivated assaults,

deliberate indifferent harassment, and mental violence/psychological warfare against the LU

Ph.D. Doctoral Graduate Student (the "PLAINTIFF") who was a protected class (Native-

American Indian/African-American Mixed Decent), or/and that Arron Sparkman's enablers/CO-

DEFENDANTS" had enough time to "CONSPIRE" with the **$16,000.00**-GradPlus (**2021**)

LOAN Awards Thieves to illegally BOYCOTT the LU's "NEWLY" Admitted Ph.D. Graduate

School Student from ATTENDING the LU's **Online** PhD Industrial/Organizational Psychology

Program "using" the PLAINTIFF'S U.S. Department of Education backed GradPlus Tuition &

Off-campus HOUSING/(Rent Money), recently discovered through In Pro Se, Independent

Investigation of **October 21, 2022**, such that LU was required by law to do more than show a

deliberate indifference to the complaints being made, and should have immediately resisted their

NCU-inter-state enablers' "temptation" to unconstituitionally discriminate against the

PLAINTIFF'S GradPlus (**2022**) Rent Money/(Off-campus HOUSING) Financial Aid Award

Funds Venue, when the DEFENDANTS in their individual capacities and official capacities

"knew" or "should have known" racial discrimination against the PLAINTIFF was a violation of

Federal School Codes, Title IV & IX on and before **October 21, 2022**.

58. If LU had fulfilled its obligation under federal law, state law, and its OIE policy, it would

have had to immediately remove Arron Sparkman, Melissa (DOE), and its IT Department Inside-

jobbers and/or their enablers (the "CO-DEFENDANTS") in **2022**.

59. If LU had removed Arron Sparkman and Melissa (<u>DOE</u>) and the inside-jobber(s) within the LU's IT Department in **2022**, knowledge of Arron Sparkman's and Melissa (DOE's), as well as the LU's IT Department inside-jobbers' racial discrimination misconduct would have become public at that time.

60. Upon information and belief, Defendant LU knew that if it removed Arron Sparkman, Melissa (<u>DOE</u>), and LU's IT Department's inside-jobbers, the news and surroundings of said removal would become immediately well-known and widespread.

61. Upon information and belief, LU also knew that news of Arron Sparkman's, Melissa (<u>DOE's</u>), and LU's IT Department inside-jobber(s') removal would damage its reputation in the local and national community, as well as exposing it to possible litigation.

62. Upon information and belief, LU consciously chose to fraudulently conceal these allegations, attempt to permanently deprive the PLAINTIFF of his LU's Tuition & HOUSING GradPlus Off-campus Rent Money Financial Aid Funds from his GradPlus Doctoral Graduate School Student Financial Aid Loan DISBURSEMENTS for **Fall 2022/(October 24, 2022 -to-December 16, 2022)**.

63. Upon information and belief, LU decided to wait as long as possible to take action against Arron Sparkman, Melissa (<u>DOE</u>), and LU's IT Department's inside-jobbers/(employees) and their enablers such as LU's Registrar Department's inside-jobbers, discovered through In Pro Se, Independent Investigation.

64. In **September 2016**, a story was published regarding a complaint filed with regards to other University Campus Communities under the same jurisdiction of Federal law, School Code Title

IV and Title IX, as this HEREIN Tort against Defendant, LU, and this above-mentioned

publication was "about" the MSU's Police Department, "entitled", "*Former USA Gymnastics*

*Doctor Accused Of Abuse*" which included the former gymnast's allegations against

Dr. Lawrence Gerard Nassar, elucidating the HEREIN Defendant ARRON SPARKMAN to be

similar to an unethical equivalent of Nassar.

65. Following the **September 2016** publication, regarding similar abusive and illegal criminal &

civil incident another University of Higher Learning (i.e., MSU), other victims began coming

forward after recognizing that they were victims of sexual abuse at a time when most of them

were minors under the trust of unethical Lawrence "Larry" Nassar, but HEREIN Tort not of a

sexual issue at LU (**2022**), only the similar Title IV & IX violations of the Federal School Codes.

66. PLAINTIFF, Jerome L. Grimes, B.A., & MBA, has been forced to relive the trauma of the

pre-textual racial discrimination assaults and continues to remain in temporary homelessness

(i.e., lack of & unconstitutional deprivation of a fundamental and substantial constitutional right

to GradPlus Ph.D. Doctoral School Student *Off-campus* HOUSING/SHELTER/HOME Funds &

Tuition Funds LOANS).

67. On **December 07, 2017**, Dr. Lawrence "Larry" Nassar of MSU was sentenced to 60 years in

prison on federal child pornography charges, but criminal charges not filed HEREIN at LU

against Co-DEFENDANTS of (LU) Liberty University (**2022**).

68. From **September, 2022 -through- October 21, 2022**, DEFENDANT Arron Sparkman of LU

(the "CO-DEFENDANTS") unreasonably and unethically produced an *"Any Old Excuse Will*

*Do Covert Terror Attack Blame The Victim Modus Operandi"* against the PLAINTIFF'S "New

September, 2022-ADMISSION Into LU" and the 8-weeks-PSYCH 515 Course *"FOR"* the

PLAINTIFF (i.e., LU-Liberty University PhD ONLINE Off-campus Doctoral Graduate Student

Identification Number: **L33413854**, via racially motivated discrimination in violation of Federal

School Code IV & IX (i.e., sabotage set-up for failure to Access To Federal Financial Aid

GradPlus Awards For Off-campus Housing Contractual Agreement with Studentaid.gov

WITHOUT Discrimination, Intimidation, or Racial Discrimination to EARN an (I/O)

Industrial/Organizational Psychology PHD Degree from LU), due to DEFENDANTS' racial

discrimination malice).

69. From **September -through- October, 2022**, CO-DEFENDANT Melissa (DOE) (i.e.,

Supervisor of LU's Admissions Office/Academic Advising Department) via conspired racial

discrimination "illegally ignored" to INTIMIDATE WITHOUT FORCE AND FEAR the

PLAINTIFF'S **November**, **2022**-GradPlus **$6,600.00** (i.e., "**$2,600.00-*Disbursement***

***OVERITURE/(Leftover)*** Off-campus HOUSING & Tuition Funds LOAN, discovered

**October 21, 2022**, through In Pro Se, Independent Investigation (F.R.C.P., Rule: **34**).

70. The acts, conduct, and omissions of the LU Defendants and their policies, customs, and

practices with respect to investigating racial discrimination assault allegations, severely

compromised the safety and health (e.g., Extended Temporary Homelessness; Adequate Shelter;

Off-campus Housing Funds) of PLAINTIFF, and predictably and probably to an unknown

number other individuals, and have resulted in repeated instances of racial discrimination assault,

deliberate indifferent abuse of authority, and psychological molestation of PLAINTIFF by

Arron Sparkman, Melissa (DOE), LU's Admissions & Academic Advising Department and

LU's IT Department who FAILED Duty of Care without Discrimination to Help PLAINTIFF

obtain transfer credits from Capella University via "TRANSCRIPT REQUEST ONLINE *LU's* URL-PORTAL", and via NCU-Northcentral University "TRANSCRIPT REQUEST ONLINE *LU's* URL-PORTAL", which has been devastating for Plaintiff.

71. This action arises from DEFENDANTS' blatant disregard for PLAINTIFF'S federal and state rights, and DEFENDANTS' deliberately indifferent and unreasonable response to "LU's staffers-LU's student"/"LU's Office of Community Life personnel-on-LU's student"/"LU's Admissions Counselors-on-PhD graduate student" racial discrimination assault, mental battery, abuse of authority, and psychological molestation.

## CAUSES OF ACTION

### Count I – Violations of Title IX, 20 U.S.C. § 1681(a) et seq.
### (Defendants LU and LU Trustees)

72. PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully reproduced herein.

73. "No person in the United States shall on the basis of race, be . . . subject to discrimination under any education program or activity receiving Federal financial assistance [.]" 20 U.S.C. § 1681(a) (*emphasis added*).

74. "Title IX also protects third parties from racial discrimination harassment or violence in a school's education programs and activities." U.S. Dept. of Ed., Office of Civil Rights, Dear Colleague Letter: Racial Discrimination/(Hate Crime) **Apr. 4, 2011**, at 4 n11, https://www2.ed.gov/print/about/ offices/list/ocr/letters/colleague-201104.html.

75. PLAINTIFF is a "person" within the meaning of 20 U.S.C. § 1681(a).

76. LU receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of **1972**, 20 U.S.C. § 1681 et seq.

77. Under Title IX, LU is required to investigate allegations of racial discrimination, deliberate indifference abuse of authority, and psychological harassment, including, specifically, allegations that racial discrimination abuse, deliberate indifference abuse of authority, or psychological harassment has been committed by an employee. U.S. Dept. of Ed., Office of Civil Rights, Questions and Answers on Title IX and Racial Discrimination, **Apr. 29, 2014**, at 1, 3, https://www2.ed.gov/print/about/offices/list/ocr/docs/qa-201404-title-ix.pdf.

78. Arron Sparkman's and Melissa (DOE's) as well as LU's IT Department's inside-jobber(s') action and conduct were carried out under one of LU's programs, which provides PhD Doctoral Graduate School PSYCH 515 (**October 24, 2022**-*Start Date*) Course and instructions to students, Native-American Indians/African-American Mixed Decent Students (the "PLAINTIFF") and the general public, wherein LU, through LU Psychology Department, solicits and markets to people like PLAINTIFF, and places Plaintiff within the (LU) Liberty University **ONLINE** *Off-campus* community *Out-of-State* via World Wide Web-Internet Cyber-space LU).

79. Arron Sparkman's and Melissa (DOE's) as well as LU's IT Department's inside-jobber(s') actions and conduct toward PLAINTIFF under the trust of unethical racial discrimination, psychological battery, and psychological molestation, which includes deliberate indifference conspired abuse of authority, constitute race discrimination under Title IX.

80. Arron Sparkman's, Melissa (<u>DOE's</u>) and LU's IT Department's inside-jobber(s') actions and conduct toward PLAINTIFF under the trust of unethical racial discrimination, psychological battery, financial hardship, and psychological molestation, which includes deliberate indifference conspired abuse of authority, constitute race discrimination under Title IX, and maybe DEFAMATION of character (with reserved right to leave to amend HEREIN Tort, via Fed. Rules of Civ. Proc., Rule: **33** - **October**, **2022** "alleged" Telephonic Audio Recording).

81. As early as **September 2022** and **October 2022**, an appropriate person at LU had knowledge of acts committed by Arron Sparkman, Melissa (DOE), and LU's IT Department's inside-jobber(s'), as well as enabler ("Co-DEFENDANT") J. S. Austin #: _____, et., al. that constituted race discrimination under Title IX.

82. LU Defendants failed to carry out their "Duties" to investigate and take corrective action under Title IX in **2022** (*emphasis added*).

83. LU Defendants and CO-DEFENDANT J. S. Austin were notified again in **2022**, **October 21, 2022** & **October 22, 2022**, that Arron Sparkman, Melissa (<u>DOE</u>), and LU's IT Department's inside-jobber(s) had committed acts that constituted racial discrimination (i.e., negligent deliberate indifference abuse of authority) under Title IX.

84. LU Defendants' response to the report in **2022** was void of certain key facts, such as the fact that Arron Sparkman, Melissa (<u>DOE</u>), and LU's IT Department was deliberate indifferent while racially motivated against him (the "PLAINTIFF") and that the victim (the "PLAINTIFF") had to make a telephonic call to the CO-DEFENDANTS/(LU), but the PLAINTIFF'S repeated pleas for PSYCH 515 Access to the **October 24, 2022**-START-UP was denied by the

CO-DEFENDANTS LU's Office of Community Life and LU's Admissions/Academic Advising Department and the LU's Dean of Psychology on **October 21, 2022**, (i.e., **October 22, 2022**), **October 23, 2022**, and **October 24, 2022**-Telephonic Calls To No Avail.

85. LU Defendants showed a deliberate indifference by rejecting evidence of racial discrimination (i.e., deliberate indifference abuse of authority), concluding that the victim had only experienced appropriate ON-CAMPUS SCREENING & "WITHDRAWAL" of PLAINTIFF'S **September**, **2022**-Admissions and **October**, **2022**-instructions, enrollment, and GradPlus PhD OFF-CAMPUS HOUSING RENT MONEY & TUITION and not racial discrimination assault, and dismissing his complaint and grievances (i.e., enablers: Arron Sparkman, Melissa (DOE), and J. S. Austin dismissed the PLAINTIFF'S telephonic grievances).

86. LU Defendants failed to adequately supervise Arron Sparkman, Melissa (DOE), and LU's IT Department's inside-jobber(s), as well as LU Campus Police Officer, J. S. Austin even though LU had actual knowledge that Arron Sparkman, Melissa (DOE), and LU's IT Department's inside-jobber(s), as well as LU Campus Police Officer, J. S. Austin posed a substantial risk of additional deliberate indifference abuse of authority (i.e., racial discrimination abuse) of Native-American Indians/African-American Mixed Decent PhD Doctoral Graduate Students (the "PLAINTIFF") to whom they had unfettered access to confidential social security two-middle numbers, (i.e., social security number), and other **confidential identifiers** of a known fact to be PRIVATE information used by inside-jobbers in these institutions who entered to get immunity from prosecution when they get caught not if they get caught for their conspired identity thefts, criminal impersonations, and financial aid Grad Plus fraud/thefts (e.g., Theft, Trespass to

Chattel, and Email confidential and vulnerable **CONTACTS** at LU's PhD Doctoral Graduate

Student: **jlgrimes1@liberty.edu**) personal PRIVATE valuable confidential writings of

intellectual & scholarly intangible assets belonging to Jerome L. Grimes, B.A., & MBA,

identified as: LU's *"Newly Admitted"* **OFF-CAMPUS** & **ONLINE** PhD Doctoral Graduate

Student Identification Number: **L33413854**, and VOLUNTEER-Chief Administrator & Founder

of (FSF) Futuristic Safety First (*seeking 501(c)(3) Non-profit Determination Letter & Status*) for

gainful self-employment earned income without discrimination a protected federal right.

87. After the **September**, **2022**, and **October**, **2022** complaints, Arron Sparkman,

Melissa (DOE), LU's IT Department's inside-jobber(s), and their enablers J. S. Austin continued

to racially discriminate assault, abuse their authority, and psychologically molest individuals (the

"PLAINTIFF").

88. LU Defendants acted with deliberate indifference to known acts of racial discrimination

assault (i.e., deliberate indifference abuse of authority), and psychological molestation on its

premises by: a. Failing to investigate and address complaints against Arron Sparkman,

Melissa (DOE), and LU's IT Department's inside-jobber(s) (e.g., Mr. Roy, Ms. Roy,

Mr. Charles Barton Erickson IV, and Ms. Erickson, et., al.) of racial discrimination and

intimidation without force and fear assaults in **September**, **2022** and **October**, **2022** as required

by Title IX, discovered through In Pro Se, Independent Investigation (***SEE:*** W-2 Forms of

DEFENDANTS/LU's IT Depart.); b. Failing to adequately investigate and address the **2022**

complaint and telephonic grievances LUPD's CASE #: **22-014990**/Reporting Party:

JEROME L. GRIMES, regarding Arron Sparkman's and Melissa (DOE's) conduct (F.R.C.P.,

Rules: **33** & **34**: DEFAMATION in future leave to "amended" complaint projected by In Pro Se,

PLAINTIFF); and c. Failing to institute corrective measures to prevent Arron Sparkman, Melissa (DOE), and LU's IT Department's inside-jobber(s) as well as J. S. Austin from violating and racial discriminating or/and abusing their authority & trespass to chattel and/or economic espionage act violations against other PhD students (the "PLAINTIFF"), against the PhD students' federally backed financial aid grants & LOAN awards (i.e., GradPlus), and individuals (i.e., victim/the "PLAINTIFF"). (*Haines -v.- Kerner*, 404 U.S. 519-21 (**1972**): In Pro Se, Filers' pleadings are to be construed liberally because they are not represented by an attorney.)

89. LU Defendants acted with deliberate indifference by failing to respond to the allegations of racial discrimination assault, deliberate indifference abuse of authority, and psychological molestation in light of the known circumstances, Arron Sparkman's, Melissa (DOE)'s, and J. S. Austin's conduct toward Native-American Indian/African-American Mixed Decent PhD Doctoral Graduate Students (the "PLAINTIFF"), and their access to young scholarly minds, PhD graduate student loan awards, and young psychology discipline practitioners.

90. LU Defendants' deliberate indifference is further confirmed by their aiding & abetting with their inter-state **"*Co-shills*"** at NCU, verified by the U.S. Department of Education's investigation into NCU's handling of financial aid disbursement and NON-RETURN of the **$12,000.00 -to- $16,000.00**-worth of GradPlus Federal Financial Aid LOANS Funds, that were NEVER "RETURNED" to the U.S. Department of Education "after" those inter-state enablers at NCU "refused" to honor said GradPlus Funds DISBURSEMENT of **August, 2021**, due to the DEFENDANTS NCU's Academic Advising/Financial Aid Department's racially motivated prejudice, which revealed: a. That the LU Defendants' RETALIATION **for** NCU enablers, INTIMIDATION, and Failure to adequately respond to allegations of racial discrimination

assault (i.e., deliberate indifferent abuse of authority) created a racially hostile environment and affected numerous students' financial aid DISBURSEMENTS and Admissions safety & welfare/(security) (the "PLAINTIFF's") and staff on LU's campus and/or ONLINE academic program(s); b. That the LU Defendants' failure to address complaints of racial discrimination in a prompt and equitable manner caused and may have contributed to a continuation of the racially hostile environment.

91. The LU Defendants' responses were clearly unreasonable as Arron Sparkman, Melissa (<u>DOE</u>), LU's IT Department's inside-jobber(s), as well as J. S. Austin, continued to racially discriminate assault Native-American Indian/African-American Mixed Decent Students/ PhD Students and other individuals (the "PLAINTIFF") until and beyond when they were sued or/and served by the PLAINTIFF in this Tort in **2022**.

92. The LU Defendants' failure to promptly and appropriately investigate and remedy the **September**, **2022**, Transfer Credits **TRANSCRIPT** Request LU's Online URL Portal Dilemma/ (Telephonic Grievance) and **2022** telephonic complaints of racial discrimination assault resulted in PLAINTIFF being subject to further harassment and a racially motivated hostile environment and illegal retaliation for a separate but equal NCU complaint (**2021**), which denied PLAINTIFF the benefit of, and subjecting him to discrimination under, the educational programs and activities at LU (**October 27, 2022**), and *before* at (NCU) Northcentral University(**2021**) the subject of a separate Tort action in the State of California (*Stare Decisis ONLINE Schools*) (i.e., extension of the racial discrimination by inter-state *"Co-shills"*/(Northcentral University inside-jobbers) of the DEFENDANTS.

93. As a direct and/or proximate result of the LU Defendants' actions and inactions, PLAINTIFF

has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical

manifestations of emotional distress, embarrassment, loss of self-esteem, loss of trust, disgrace,

fright, grief, humiliation, loss of dissertation study time, temporary homelessness, and enjoyment

of life, stable and adequate housing/SHELTER/Rent, and approximately 3-months of GradPlus

credit-based financial aid LOAN awards/(Rent Money) Venue from the U.S. Department of

Education, which he was prevented and will continue to be prevented from performing daily

activities and obtaining the full enjoyment of life, adequate shelter/HOUSING/Home/Rent

Money via PhD Doctoral Graduate School Student GradPlus Loan Awards at LU (**Oct. –**

**through- Dec. 2022**) an extension of racial discrimination & GradPlus Intimidation at (NCU)

Northcentral University (**June, 2021 -through- August, 2022**), and has sustained and continues

to sustain loss of earnings, earning capacity, and self-employment market-share for his *"Business*

*Plan Coloring Book for K-12 Children & Adults in 11-different countries and 11-different*

*languages"*, identified as: Book Retail Product UPC Barcode Number: **8 62292 00010 2** (2021)

belonging to PLAINTIFF, Jerome L. Grimes, B.A., & MBA.

## DAMAGES

94. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully

reproduced herein.

95. As a direct and/or proximate result of Defendants' actions and/or inactions stated above,

Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional

distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem,

disgrace, fright, grief, humiliation, loss of trust, and enjoyment of life, was prevented and will

continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity, and self-employment small business startup phase venue to earned income, and to further his education, pursuant & protected by Federal School Code, Title IV and Title IX.

96. The conduct, actions and/or inactions of DEFENDANTS as alleged in the above stated counts and causes of action constitute violations of PLAINTIFF'S Constitutional and Federal rights, as well as the local and/or statutory laws of the State of Virginia (*Stare Decisis*), and the United States District Court has jurisdiction to hear and adjudicate said claims.

97. In whole or in part, as a result of some or all of the above actions and/or inactions of DEFENDANTS, Plaintiff has and continues to suffer irreparable harm as a result of the violations.

98. The amount in controversy exceeds the jurisdictional minimum of **$75,000.00**.

PRAYER FOR RELIEF WHEREFORE, Plaintiff prays this Court and the finder of fact to enter a Judgment in PLAINTIFF'S favor against all named DEFENDANTS on all counts and claims as indicated above in an amount consistent with the proofs of trial, and seeks against DEFENDANTS all appropriate damages arising out of law, equity, and fact for each and/or all of the above counts where applicable, and hereby requests that the trier of fact, be it judge or jury, award PLAINTIFF all applicable damages, including but not limited to compensatory, special, exemplary, and/or punitive damages, in whatever amount the PLAINTIFF is entitled, and all other relief arising out of law, equity, and fact, also including, but not limited to:

(A) Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to, loss of approximately 3-months of apartment rental expenses (temporary homelessness), loss of P. O. Box mailing address, loss of earnings, mental anguish, anxiety, humiliation, loss of trust, lost time for PhD Dissertation that was disrupted by the DEFENDANTS and their enablers at LU, and embarrassment, violation of PLAINTIFF'S Constitutional, Federal, and State rights, loss of social pleasure and enjoyment, and other damages to be proved;

(B) Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

(C) Reasonable reimbursement of fees incurred to bring suit, interest, and costs; and

(D) Other declaratory, equitable, and/or injunctive relief, including, but not limited to, implementation of institutional reform and measures of accountability to ensure the safety and protection of the minds and constitutional rights to further the education of Native-American Indian Decent Students (the "PLAINTIFF"), African-American Decent Students (the "PLAINTIFF"), Native-American Indians/African-American Mixed Decent Students (the "PLAINTIFF"), and Other students' decents (the "PLAINTIFF") and other individuals (the "PLAINTIFF"), as appears to be reasonable and just.

JURY DEMAND

Plaintiff demands a jury on all matters so triable.

I declare under the penalty of perjury, under the laws of the (USA) United States of America and Its Territories, that the foregoing is true and correct.

Respectfully submitted,

DATED: November _21_, 2022

s/**JEROME L. GRIMES**

Jerome L. Grimes, B.A., & MBA,

PhD Doctoral Graduate Student

(*On Temporary Leave*)

1467 Siskiyou Blvd., PMB#: **5060**,

Ashland, OR 97520,

(219) 808-0306,

jgrofsf@protonmail.com

In Pro Se for Plaintiff

With PACER.gov Access If Mail Delivery Issues in the future.

Plus (4) Four-Exhibits Attached.