CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/15/2023
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

|  |  |
|---|---|
| JEROME L. GRIMES, | CASE NO. 6:22-cv-00074 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| LIBERTY UNIVERSITY, *et al.,* | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff Jerome L. Grimes, proceeding *pro se*, filed a complaint against Liberty University, Liberty's IT Department, Liberty's Board of Trustees, and several Liberty employees, including Arron Sparkman, Melissa, and J.S. Austin. He alleges that his removal from Liberty's online Ph.D. program constituted racial discrimination. Defendants have moved to dismiss the case. Because Plaintiff has failed to state a claim for relief, the Court will grant Defendants' motion.

## Background

The following alleged facts are assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review).[1]

---

[1] In their reply brief, Defendants note that it unclear whether Plaintiff's "Reply Motion," Dkt. 12, is a response to their motion to dismiss or an attempt to amend the complaint. The Court construes Plaintiff's "Reply Motion" to be a response to their motion to dismiss because Plaintiff states throughout the brief that he "realleges" his assertions. Dkt. 12. He also titles a header in his

In the fall of 2022, Plaintiff Grimes was admitted into Liberty's online Ph.D. program. Dkt. 2 ¶ 22. As part of his program, he registered for a graduate psychology course. *Id.* ¶ 22. Prior to starting this course, Defendant Aaron Sparkman, a Liberty employee, removed Grimes, or caused his removal, from the online Ph.D. program. *Id.* ¶¶ 16, 25, 27. Sparkman "racially assaulted, abuse[d his] authority, and psychologically molested" Grimes. *Id.* ¶ 19. Grimes complained to several Liberty officials about Sparkman's actions and racial motivations. *Id.* ¶¶ 42–46. Liberty claimed it removed Grimes from the online Ph.D. program because he violated Liberty's code of conduct. *Id.* ¶ 51.

Grimes also alleges that Liberty conspired with Northcentral University to racially discriminate against him. *Id.* ¶ 47. This alleged racial discrimination resulted in the loss of Grimes' housing and his student loans. *Id.* ¶ 49. Liberty also prevented the transfer of Grimes' educational credits to Northcentral University. *Id.* ¶ 41.

The sole count in Plaintiff's complaint is an allegation that Defendants violated Title IX of the Educational Amendments of 1972. *Id.* ¶¶ 72–93.

### Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all its allegations taken as true and all reasonable inferences drawn in a plaintiff's favor, *Rubenstein*, 825 F.3d at 212. A motion to dismiss "does

---

brief "Arguments and Standards of Review," which gives the Court the impression that Plaintiff intended his filing to be a response rather than an amended complaint. *Id.* at 2.

not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotation marks omitted). This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics," instead a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (providing that "only a complaint that states a plausible claim for relief survives a motion to dismiss").

Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim to relief, *see Iqbal*, 556 U.S. at 679.

## **Discussion**

Defendants move to dismiss Plaintiff's complaint because it "merely repeats a conclusory allegation of racism over and over" and fails to give rise to even a speculative claim of racial discrimination. Dkt. 7 at 2. The Court agrees.

Plaintiff asserts that Defendants violated Title IX. Dkt. 2 at 22. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity

3

receiving Federal financial assistance . . ." 20 U.S.C. § 1681(a). Title IX's plain language

provides a cause of action for sex-based claims, not race-based claims. *Id.* Because Plaintiff

makes no allegations concerning discrimination on the basis of sex, he fails to state a plausible

Title IX claim.

Nevertheless, the Fourth Circuit has directed district courts to construe *pro se* complaints

liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Because

Plaintiff has made allegations related to racial discrimination, the Court considers whether a

racial discrimination claim could survive a motion to dismiss.

In his complaint, Plaintiff repeatedly asserts that Defendants racially discriminated

against him by removing him from Liberty's online Ph.D. program. *See e.g.*, Dkt. 2 at 2

(providing Defendants "have been tormenting the spirit and soul of the Native-American

Indian/African-American/Caucasian Mixed Graduate Student"); *id.* ¶ 20 ("Plaintiff was

psychologically abused, belittled, and intimidated without force and fear with covert terror intent

by Arron Sparkman . . ."); *id.* ¶¶ 26–29 (alleging Plaintiff's removal from Liberty's online PhD

program "constituted racial discrimination, psychological abuse, and psychological

molestation"); *id.* ¶ 42 (alleging Liberty enabled "Arron Sparkman to continue 'racially

discriminating' against [Plaintiff] for ever [sic] by his illegal racially motivated covert terrorism .

. ."); *id.* ¶ 80 (providing Defendants committed "unethical racial discrimination, psychological

battery, financial hardship, and psychological molestation . . ."). These allegations, however,

amount only to legal conclusions that are insufficient alone to survive a motion to dismiss. *See*

*Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.").

Moreover, Plaintiff's complaint does not contain any factual allegations that support he was discriminated against on the basis of race or that give rise to a plausible inference of racial discrimination. Thus, even with affording a liberal construction to Plaintiff's *pro se* pleading, his allegations fail to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.

## Conclusion

For these reasons, the Court will grant Defendants' motion to dismiss and will dismiss Plaintiff's complaint.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to Plaintiff and all counsel of record.

Entered this 15th day of February, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE